# PROVIDENCE COUNTY.

EBBEN SIMMONS, Appellant, *vs.* THE CITY OF PROVIDENCE.

Under Gen. Stat. R. I. cap. 59, §§ 18–21, empowering town councils to declare lands used as highways for twenty years to be public highways, the plat prescribed by § 21 must be made a part of such declaration.

EXCEPTIONS to the Court of Common Pleas.

*October* 12, 1877. DURFEE, C. J. This case involves the validity of a resolution of the board of aldermen of the city of Providence, passed on the 11th day of June, 1873, in the words following, to wit : " Resolved, that South Street from Eddy Street to the river, and forty feet wide, having been quietly, peaceably, and actually used and improved, and considered as a public highway for more than twenty years, is hereby declared to be a public highway, and it is ordered that the same be recorded as such." At the time the resolution was passed no plat of the land declared to be a highway was made,[1] though there was a plat of the land subsequently made and recorded. But the record does not show that the plat was made in pursuance of any order of the board of aldermen, directing it to be made at the time of the resolution, or even that it was subsequently recorded under the direction of the board. An appeal from the resolution was duly taken to the Court of Common Pleas, and in the Court of Common Pleas the resolution was reversed and annulled. Moreover, various motions were made by the appellee in the Court of Common Pleas, based upon a claim that the plat constituted a part of the resolution or of the record of the proceeding, which motions were overruled. The case is brought before us on exceptions to the decision and rulings aforesaid.

We think the decision and rulings were correct. The statute, Gen. Stat. R. I. cap. 59, § 21, directs that in declaring land to be a public highway by reason of twenty years' use of it as such, the town council, or in the city of Providence, the board of alder-

---

[1] Gen. Stat. R. I. cap. 59, §§ 18–21.

men, "shall determine, mark out, plat," &c., the land, "in width as well as length," and shall cause the plat to be recorded. We think the true construction of the section is that the plat shall be a part of the declaration, or that the declaration shall be made in part by plat. It was not so in the case at bar; for though a plat, or what purports to be a plat, was subsequently recorded, it does not appear that the plat was ever made or even officially recognized by the board of aldermen, as a part of the declaration. We think, therefore, that the resolution, though it may not be absolutely void, is at least so defective that it was properly reversed on appeal.            *Exceptions overruled.*

    *James Tillinghast* and *L. & C. M. Salisbury,* for appellant.

    *Nicholas Van Slyck,* City Solicitor, for appellee.